**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LINDA K. CLIFFORD, individually with right of survivorship and in her capacity as the personal representative of The Estate of Robert (Bobby) S. Clifford, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> DAVID CLARK, Deputy Sheriff, individually and in his official capacity, <br><br> Defendant-Appellant. | No.  15-16144 <br><br> D.C. No. 2:11-cv-02591-MCE-CKD <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted May 18, 2017
San Francisco, California

Before:  BERZON and MURGUIA, Circuit Judges, and MCCALLA,[**] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Jon P. McCalla, United States District Judge for the Western District of Tennessee, sitting by designation.

Placer County Deputy Sheriff David Clark appeals the district court's orders denying, in part, his motion for summary judgment on the basis of qualified immunity and denying his motion for reconsideration. We dismiss the appeal for lack of appellate jurisdiction.

1. We construe Clark's timely notice of appeal from the denial of his motion for reconsideration as a notice of appeal from the denial of his motion for summary judgment, as well. The notice demonstrates Clark's clear intent to appeal the underlying order, and any failure to state an appeal of the underlying order in the most recent notice of appeal did not prejudice the appellee. *See Lolli v. Cty. of Orange*, 351 F.3d 410, 414 (9th Cir. 2003).

2. Although an order denying summary judgment is not generally immediately appealable as a final decision within the meaning of 28 U.S.C. § 1291, "the Supreme Court has created an exception to the final judgment rule for certain interlocutory appeals when the district court has denied a motion for summary judgment based on qualified immunity." *Pauluk v. Savage*, 836 F.3d 1117, 1120–21 (9th Cir. 2016); *see Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). If the district court concludes that material disputes of fact remain, however, "our review is limited to whether the defendant would be entitled to qualified immunity as a matter of law, assuming all factual disputes are resolved, and all reasonable

2

inferences are drawn, in plaintiff's favor." *Karl v. City of Mountlake Terrace*, 678 F.3d 1062, 1068 (9th Cir. 2012) (citation omitted). Accordingly, a district court's determination "that the parties' evidence presents genuine issues of material fact is categorically unreviewable on interlocutory appeal." *George v. Morris*, 736 F.3d 829, 834 (9th Cir. 2013) (quoting *Eng v. Cooley*, 552 F.3d 1062, 1067 (9th Cir. 2009)) (internal quotation marks omitted).

As in *George*, 736 F.3d at 834–35, the district court here followed Ninth Circuit precedent for deadly force cases and "carefully examine[d] 'all the evidence in the record, . . . to determine whether the officer's story is internally consistent and consistent with other known facts.'" *Gonzalez v. City of Anaheim*, 747 F.3d 789, 795 (9th Cir. 2014) (en banc) (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir. 1994)). Such a careful review of the evidence is required to "ensure that the officer is not taking advantage of the fact that the witness most likely to contradict his story—the person shot dead—is unable to testify." *Id.* Clark does not contest that the law outlined in *Scott v. Henrich* applies to his case. Rather, his only issue on appeal concerns the outcome of the district court's application of that standard, i.e., whether the district court correctly determined there to be significant inconsistencies in Clark's testimony or other "circumstantial evidence that, if believed, would tend to discredit the police officer's story." *Id.*

"Because this inquiry, under *Scott v. Henrich* and its progeny, concerns genuineness—namely the question whether there is enough evidence in the record for a jury to conclude that certain facts are true—we may not decide at this interlocutory stage if the district court properly performed it." *George*, 736 F.3d at 835 (citation omitted).  We therefore lack jurisdiction to review Clark's appeal.

**DISMISSED.**